UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
| | |
|---|---|
| IN RE: ASSICURAZIONI GENERALI S.p.A. HOLOCAUST INSURANCE LITIGATION | MDL 1374 M 21-89 (GBD) |
| **This Document Applies to:** | |
| CORNELL v. ASSICURAZIONI GENERALI S.p.A. | 97 Civ. 2262 (GBD) |
| SCHENKER v. ASSICURAZIONI GENERALI S.p.A. | 98 Civ. 9186 (GBD) |
| SMETANA v. ASSICURAZIONI GENERALI S.p.A. | 00 Civ. 9413 (GBD) |

------------------------------------------------------------------X

## FINAL ORDER AND JUDGMENT

This matter having come before the Court for final approval of the settlement between plaintiff class representatives Samuel Hersly, Agnes Heyman, Paola Orrefice Kulp, and Eugenia Schenker ("Plaintiffs") and Defendant Assicurazioni Generali S.p.A. ("Generali") and hearings having been held before this Court on January 31, 2007, February 27, 2007 and January 7, 2008 following class notices and in accordance with a Settlement Agreement (the "Settlement Agreement") between Plaintiffs and Generali in the above-captioned actions (the "Actions"); and

Due notice of said hearings having been given in accordance with the Class Notices; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement of these actions (the "Settlement"); the attorneys for the parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the class notice; and notices to the Settlement Class certified in this action, including notice ordered by the Court of

Appeals pursuant to its Summary Order of October 2, 2007, were adequate and sufficient and complied with the requirements of due process,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. "Settlement Class" and "Releasors" mean all persons worldwide, their heirs, executors, administrators, successors, beneficiaries and/or assigns, who (i) between 1920 and 1945 (the "Class Period"), purchased, or are the beneficiaries of life insurance, property insurance, and/or casualty insurance policies and/or annuities sold or issued by or through Generali (collectively "Insurance Policies"), (ii) have never been paid the proceeds of the Insurance Policies, accumulated cash values and/or other policy benefits, including but not limited to death, disability and property benefits, (iii) are Holocaust Victims, and (iv) have not timely elected to be excluded from the Class. "Holocaust Victims" shall mean persons who were persecuted by the Nazis or their allies during the period 1933 through 1945, including Jews, Romanis, Jehovahs Witnesses, homosexuals, political dissidents and heirs of the foregoing.

2. The Class is hereby certified solely for settlement purposes, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court having determined that this action meets all the prerequisites of Rule 23(a), and (b)(3) and (c) of the Federal Rules of Civil Procedure, including numerosity, predominance of common issues, and typicality, and that Plaintiffs and their counsel are adequate representatives of the Settlement Class. The Court finds:

    a. The Settlement Class easily satisfies the numerosity requirements. The responses to the class notice, the requests for claim forms, the claim forms filed, and the payouts to over 700 claimants pending final approval are indicative that the class numbers into the thousands;

2

39020_1

      b.      The commonality requirement is met for the Settlement Class since the three complaints allege multiple core issues of fact and law arising out of the same set of events which each member of the class would have to prove, including

      i.      Whether Generali sold Insurance Policies, and received periodic payments toward or under said Insurance Policies from persons who were persecuted by Nazi Germany or its allies?

      ii.      Whether Generali refused to pay policy proceeds, accumulated cash value and/or other benefits to Class members?

      iii.      Whether Generali refused to divulge information about the Insurance Policies to Class members?

      iv.      Whether Generali breached the Insurance Policies and/or duties owed to Class members?

      v.      Whether Generali converted payments or benefits of the Insurance policies?

      vi.      Whether Generali wrongfully transferred to persons designated by local or Nazi authorities or to local governments proceeds under the Insurance Policies?

      vii.      Whether, as a result of the foregoing Generali has been unjustly enriched?

      c.      The named plaintiffs are adequate class representatives based on the allegations of the three complaints since they fall within the Settlement Class, have interests coextensive and not antagonistic to the interests of the Settlement Class, and have represented the interests of the Settlement Class for over 10 years;

      d.      Plaintiffs' Counsel named in the Order of Preliminary Approval are qualified to serve as Class Counsel based upon their prosecution of the litigation for over 10 years, their conduct at hearings, their written submissions and their experience in other Holocaust Era class actions; and

3

  e. The common questions of law and fact listed above predominate, and class treatment is far superior to individual litigation.

  f. The class definition is consistent with the claims asserted in the litigation and reasonably congruent with the payment of benefits under the Settlement Agreement.

 3. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event the settlement does not take effect.

 4. The parties modified the Settlement Agreement to extend the period of time for submission of claims based on documents recovered from the Bad Arolsen World War II Archive until June 30, 2008 or six months after the opening of the Archive, whichever is shorter. It appears from the Bad Arolsen website that its Archive opened on November 28, 2007, so the deadline for submission of claims based on documents recovered from that Archive is May 28, 2008. Both the recent class notice and the updated settlement website reference the Archive's website which contains instructions on how to request searches.

 5. The Settlement between Plaintiffs and Generali, as modified, is approved as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23 and shall be implemented in accordance with the terms and conditions of the Settlement Agreement.

 6. As to the Releasees only (as that term is defined in the Settlement Agreement) the Actions are dismissed on the merits and with prejudice against Plaintiffs and all members of the Settlement Class who have not validly and timely requested exclusion from the Settlement Class and without costs. Persons who validly and timely requested exclusion from the Settlement Class, who are listed in a submission of plaintiffs' counsel and on file with the Clerk of this Court, will not be bound by this Final Order and Judgment.

7.  Pursuant to the terms of the Settlement Agreement, the Court awards incentive awards to Samuel Hersly, Agnes Heyman, Paola Orrefice Kulp, Eugenia Schenker each in the amount of $5,000 to be paid by Generali.

8.  Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing jurisdiction over the Actions, including the administration and consummation of the Settlement and Settlement Agreement and payment of counsel fees and costs. The Court appoints Class Counsel to supervise the processing and payment of claims and report to the Court thereon.

9.  The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay. The Clerk of the Court is hereby directed to enter this Judgment without delay, as a final judgment of dismissal as to Generali.

Dated: New York, New York
       January 7, 2008

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge